UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| ADRIAN DUERSON,<br><br>         Plaintiff,<br>  v.<br><br>SUNRISE CHILDREN'S FOUNDATION,<br><br>         Defendant. | Case No. 2:17-cv-01792-JCM-PAL<br><br>**ORDER** |

   This matter is before the court on Plaintiff Adrian Duerson's failure to pay the standard filing fee or submit an application to proceed *in forma pauperis* ("IFP") in this case. This proceeding is referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(A) and LR IB 1-3 of the Local Rules of Practice.

   Plaintiff is proceeding in this action *pro se*, that is representing himself, and has submitted a complaint as part of the initiating documents (ECF No. 1), but Plaintiff did not submit an IFP application or remit the $400.00 filing fee. In order to proceed in this action without paying the standard filing fee, 28 U.S.C. § 1915 and LSR 1-1 provides that a litigant must submit the court's form IFP application.

   Additionally, the complaint does not include any factual allegations, such as the date of the incident(s) at issue, the nature of the incident(s), the parties involved, or the facts demonstrating that Plaintiff was discriminated against. Without written factual allegations stating the reasons why Plaintiff alleges that defendant's practices were discriminatory, the court cannot evaluate whether the complaint states a claim against the defendant. The court therefore will dismiss Plaintiff's complaint with leave to file an amended complaint.

   The court appreciates that it is difficult for *pro se* parties to litigate their claims; thus, plaintiff is advised to familiarize himself with the Federal Rules of Civil Procedure and the

Local Rules of Practice.[1] He may also be able to participate in the Federal Court Ask-A-Lawyer program coordinated by the Legal Aid Center of Southern Nevada.[2] It appears plaintiff has complaints against the alleged discriminatory practices of Sunrise Children's Foundation. Plaintiff does not identify the type of discriminatory practices about which he is complaining. He may be attempting to assert an employment discrimination claim. The Clerk of the Court will be instructed to mail Plaintiff a blank form complaint for employment discrimination claims.[3] Although a form complaint cannot cover every type of employment discrimination case, it does highlight certain types of information that is useful to the court for screening purposes and may aid plaintiffs in stating a colorable claim. If this is not an employment discrimination claim plaintiff must state the nature of his claim.

If Plaintiff chooses to file an amended complaint, it must be filed by **August 11, 2017**. The amended complaint must contain a short and plain statement of: (1) the grounds for the court's jurisdiction; (2) any claim he has showing an entitlement to relief; and (3) a demand for relief. *See* Fed. R. Civ. P. 8(a). The amended complaint should set forth the claims in short and plain terms, simply, concisely, and directly. *See Swierkeiewicz v. Sorema N.A.*, 534 U.S. 506, 514 (2002). This means that plaintiffs should avoid legal jargon and conclusions. Instead, plaintiff should summarize the information he believes to be relevant in his own words for each claim asserted in the amended complaint. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (Rule 8 demands "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action"). Plaintiff is advised to support each of his claims with factual allegations because all complaints "must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively." *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011). When claims are alleged against multiple defendants, the complaint should clearly indicate

---

[1] The Federal Rules of Civil Procedure may be accessed on the United States Courts website at: uscourts.gov/rules-policies/current-rules-practice-procedure/federal-rules-civil-procedure. The Local Rules of Practice may be accessed and downloaded from this court's website at: nvd.uscourts.gov.

[2] Information about the Federal Court Ask-A-Lawyer program is available on the Legal Aid Center of Southern Nevada's website at lacsn.org/what-we-do/ask-a-lawyer or by calling 702-386-1070.

[3] The Complaint for Employment Discrimination, Pro Se Form 7, is also available for download on the United States Courts' website at uscourts.gov/forms/pro-se-forms/complaint-employment-discrimination.

which claims apply to which defendant. *McHenry v. Renne*, 84 F.3d 1172, 1178 (9th Cir. 1995). Plaintiff should specifically identify each defendant to the best of his ability, clarify what constitutional right he believes each defendant has violated and support each claim with factual allegations about each defendant's actions. Where multiple claims are alleged, the complaint should identify which factual allegations give rise to each particular claim. *McHenry*, 84 F.3d at 1178. Plaintiff must state "enough facts to raise a reasonable expectation that discovery will reveal evidence" of the allegations charged. *Cafasso, United States ex rel. v. General Dynamics C4 Systems, Inc.*, 637 F.3d 1047, 1055 (9th Cir. 2011) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556 (2007)).

Plaintiff is also informed that the court cannot refer to a prior pleading (*i.e.*, the original complaint) in order to make the amended complaint complete. Local Rule 15-1 requires that an amended complaint be complete in itself without reference to any prior pleading. *See* LR 15-1(a). This is because, as a general rule, an amended complaint supersedes the original complaint. *Ramirez v. Cnty. of San Bernardino*, 806 F.3d 1002, 1008 (9th Cir. 2015). Once a plaintiff files an amended complaint, the original pleading no longer serves any function in the case. *Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992). Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

Accordingly,

**IT IS ORDERED:**

1. The Clerk of Court shall FILE Plaintiff Adrian Duerson's Complaint (ECF No. 1-1), but ***SHALL NOT*** issue summons.
2. The Clerk of the Court is instructed to mail Plaintiff one blank form complaint for employment discrimination and an application to proceed *in forma pauperis* with instructions.
3. Plaintiff shall have until **August 11, 2017**, to: (a) submit an Application to Proceed *in Forma Pauperis*, accompanied by a signed and executed financial affidavit disclosing the applicant's income, assets, expenses and liabilities, or (b) pay the $400 filing fee, accompanied by a copy of this Order.

3

4. Plaintiff's failure to comply with this Order by: (a) submitting an Application to Proceed *In Forma Pauperis*, or (b) paying the $400 filing fee, before the deadline will result in a recommendation to the district judge that this case be dismissed.

5. Plaintiff's Complaint is DISMISSED with leave to file an amended complaint by **August 11, 2017**.

6. The amended complaint must be a complete document in and of itself and will supersede the original complaint in its entirety. Any allegations, parties, or requests for relief from prior papers that are not carried forward in the amended complaint will no longer be before the court.

7. Plaintiff shall clearly title the amended complaint as such by placing the words "FIRST AMENDED" immediately above "Complaint for Employment Discrimination" on the first page and write 2:17-cv-01792-JCM-PAL in the space for "Case No."

8. Plaintiff's failure to comply with this Order by submitting an amended complaint before the **August 11, 2017** deadline will result in a recommendation to the district judge that this case be dismissed.

Dated this 14th day of July, 2017.

_____
PEGGY A. LEEN
UNITED STATES MAGISTRATE JUDGE